RECEIVED
USDC WESTERN DISTRICT OF LA
TONY H. MOORE, CLERK
DATE 12/10/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVIN HANKS,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:13-CV-02999 |
| VERSUS | |
| TIM KEITH, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a motion by plaintiff Davin Hanks ("Hanks") for a temporary restraining order and a preliminary injunction that was filed on November 5, 2013 with his original complaint (Doc. Item 1). Hanks, who is confined in the Winn Correctional Center in Winnfield, Louisiana ("WCC"), alleges in his complaint that his constitutional rights have been violated by defendants Warden Tim Keith and Security Chief Pamela Horne. Hanks alleges that he did legal work for several inmates, than accidentally lost their legal papers. As a result, those inmates are angry with Hanks and have threatened to harm him. In September 2013, Hanks requested protective from those inmates and he was placed in the Cypress Unit, but some of the inmates he fears have been allowed access to the Cypress Unit where he is housed, despite the fact that they are not also housed in the Cypress Unit. Hanks contends those inmates have threatened him directly in the Cypress Unit and have physically assaulted him within the Cypress Unit.

In his motion and an attached affidavit (Doc. 1), Hanks asks

the Court to grant him injunctive relief to protect him and prevent the other inmates from gaining access to him and harming him in the Cypress Unit or during recreation (Doc. Item 1). Hanks also requests placement in a one-man cell and transfer to another prison.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> "(b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

In order for Hanks to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. <u>Piedmont Heights Civic Club, Inc. v. Moreland</u>, 637 F.2d 430 (5th Cir. 1981).

Hanks shows in his complaint and affidavit the inmates from whom the defendants are supposed to be protecting him have been allowed access to Hanks while he was supposedly in protective

custody, that a "hit" has been placed on him, and that the inmates he fears have already both threatened him and beaten him while he was in "protective custody" at WCC. Hanks also attached an affidavit by Christopher Miller, an inmate at WCC housed in the same cell in the Cypress Unit as Hanks, who states that he was employed by an inmate named "Nine" to kill Hanks (Doc. 1). Miller further states in his affidavit that, on October 23, 2013, Miller physically attacked Hanks in an attempt to fulfill his contract to kill Hanks, and that "Nine" compensated Miller for the attack (Doc. 1).

Therefore, Hanks has shown that immediate and irreparable injury, loss, or damage may result before the adverse parties can be heard in opposition. Hanks' motion for a TRO should be granted and defendants should be ordered to place Hanks in true protective custody which does not allow the inmates from whom he is to be protected, or their associates, access to him at any time.

It is further recommended that defendants be ordered to respond in writing to Hanks' motion for a preliminary injunction, and that a hearing be held if necessary.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Hanks' request for a temporary restraining order (Doc. 1) be GRANTED and that defendants be ORDERED to place Hanks in a true protective custody which does not allow the inmates from whom he is to be

protected, or their associates, access to him at any time.

IT IS FURTHER RECOMMENDED that defendants be ordered to respond in writing, within 7 days, to Hanks' motion for a preliminary injunction, and that a hearing be held if necessary.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 10th day of December 2013.

```
_____
        JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE
```

COPY SENT:
DATE: 12-10-13
BY: JDB
TO: Guillet via email & mail
Keith, Horne via fax & mail

4