RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
3 / 9 / 15
YT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| DAVIN HANKS,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:13-CV-02999 |
| VERSUS | |
| TIM KEITH, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a motion by plaintiff Davin Hanks ("Hanks") for a temporary restraining order and a preliminary injunction that was filed on November 5, 2013 with his original complaint (Doc. Item 1). Hanks, who is confined in the Winn Correctional Center in Winnfield, Louisiana ("WCC"), alleges in his complaint that his constitutional rights have been violated by defendants Warden Tim Keith and Security Chief Pamela Horne. Hanks alleges that he did legal work for several inmates, then accidentally lost their legal papers. As a result, those inmates are angry with Hanks and have threatened to harm him. Hanks contends those inmates have threatened him directly and have physically assaulted him twice, once in an attempt to kill him.

Hanks' first request for a TRO (Doc. 1) was granted and, in December 2013, the WCC prison officials were ordered to place Hanks

in true protective custody and not allow the inmates from whom he is to be protected, or their associates, access to him at any time (Doc. 6).

In February 2015, Hanks again requested a TRO or preliminary injunction, contending the cell doors in WCC are defective in design and that any inmate can "pop" the latch on his cell door with a piece of string and exit his cell; Hanks attached drawings of the cell doors which point out the design defect (Doc. 41). Hanks contends, in his application and affidavit, that in October 2014 he and inmate Terrance Todd were both housed in the Cypress Unit, and that inmate Terrance Todd was able to break out of his cell and throw urine on Hanks (who was in his own cell) and taunt him (Docs. 41, 42).

Hanks submitted an affidavit by James Parker, an inmate at WCC, who states that, while in WCC, he was also assaulted by an inmate who had broken out of his cell by disengaging the door lock (Doc. 42). Hanks also submitted an affidavit by inmate Eric Hinkie (Doc. 42), who states he has also been assaulted by Terrance Todd, who was Hinkie's cell mate while he was in protective custody (DO. 41). Hinkie further states in his affidavit that Todd had spoken to him about knowing why inmate Hanks was in protective custody and having grown up with one of Hanks' enemies (Doc. 42).

Hanks contends that, due to the defect in the cell door designs (which he contends is prevalent throughout the country),

the only way for Hanks to escape his enemies at WCC is to be transferred out of WCC (Doc. 41). Hanks contends that the threats and assaults have caused him to suffer anxiety, paranoia, and depression for which he is receiving mental health treatment through counseling and medication (Doc. 42).

In his motion (Doc. 41), Hanks asks the Court to grant him injunctive relief, ordering that he be transferred to another prison in order to protect him from his enemies at WCC (Doc. Item 41).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> "(b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

In order for Hanks to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest.  Piedmont Heights Civic Club, Inc. v.

<u>Moreland</u>, 637 F.2d 430 (5th Cir. 1981).

Hanks shows in his complaint and affidavit that the WCC prison officials violated this court's order of December 2013 (Doc. 6) by allowing an associate of Hanks' enemies to have sufficient access to Hanks that he was able to throw urine on him.

However, Hanks has not shown that immediate and irreparable injury, loss, or damage may result before the adverse parties can be heard in opposition. Although inmate Todd managed to free himself from his cell, he was not able to do anything more than throw urine on Hanks because Hanks was still in his own cell. Therefore, Hanks is not entitled to a TRO.[1]

Likewise, Hanks has not shown there is a substantial threat of irreparable injury if a preliminary injunction is not granted. Therefore, Hanks should not be granted a preliminary injunction, either.

<u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that Hanks' request for a TRO or preliminary injunction (Doc. 41) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

---

[1] Hanks' explanation of how a cell door lock can be opened with a string is does not appear to be complete. Apparently, the inmate must first prevent the door latch from fully extending by stuffing trash into the strike, then an identification card or a string can be used to retract the compromised latch bolt. See Latimer, L., "How Secure are Those Cell Doors" (May 2012) at http://www.correctionalnews.com/articles/2012/05/23/how-secure-are-those-cell-doors.

Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of March 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE