RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
8/18/15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| DAVIN HANKS,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:13-CV-02999 |
| VERSUS | |
| TIM KEITH, et al.,<br>    Defendants | JUDGE JAMES T. TRIMBLE, JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Defendant James LeBlanc filed a motion to dismiss (Doc. 57), which *should be* granted in part and denied in part.

Facts and Procedural History

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Davin Hanks ("Hanks") on November 5, 2013 (Doc. 1) and amended on March 12, 2014 (Doc. 17), February 3, 2015 (Doc. 40)(adding defendants), February 26, 2015 (Doc. 46), March 16, 2015 (Doc. 52) and May 1, 2015 (Doc. 59). The named defendants are Tim Keith (warden of the Winn Correctional Center ("WCC")in Winnfield, Louisiana), Pamela Horne (chief of security at WCC), Corrections Corporation of America ("CCA") (operator of WCC), Jack Garner (president of CCA), James LeBlanc (Secretary of the Louisiana Department of Public Safety and Corrections), and Mona Heyes, Brenda Smiley, Carlo Lakes, and Nicole Walker (all employed at WCC).

Hanks alleges that, while he was confined in WCC, he did legal work for several inmates and accidentally lost their legal papers.

Hanks contends those inmates are angry with him and have threatened to harm him (Doc. 1). Hanks contends that, in September 2013, he requested protective custody from those inmates and was placed in the Cypress Unit, where defendant Horne was the unit manager. However, some of the inmates Hanks feared were able to enter the Cypress Unit, even though they were not housed there, and both threatened and physically assaulted Hanks in the Cypress Unit. Hanks contends that defendants failed to protect him from an assault by Christopher Miller on October 25, 2013 (Doc. 1). Hanks further contends in his amended complaint that defendants failed to protect him from inmate Terrance Todd, who through urine at Hanks through the cell bars (Doc. 40). Hanks asks for a jury trial, injunctive relief, monetary damages (including punitive), and costs. Hanks is currently confined in the Avoyelles Correctional Center in Cottonport, Louisiana.

Defendants answered the complaints (Docs. 14, 18, 40, 43, 47, 54, 65) and filed a motion for summary judgment (Docs. 24, 30) which was denied (Docs. 32, 33).

LeBlanc filed a motion to dismiss (Doc. 57), to which Hanks responded (Doc. 63). LeBlanc's motion is now before the court for disposition.

Law and Analysis

Motion to Dismiss

A motion to dismiss an action for failure to state a claim

2

admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); Doe, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

Secretary LeBlanc

Hanks added Secretary LeBlanc as a defendant on February 3, 2015 (Doc. 40). Hanks contends the Louisiana Department of Corrections owns the WCC and that the doors in the Cypress Unit of WCC are defective because inmates can thread a string or rope at the bottom fo the door, pop the latch up, and force the cell door

open, allowing inmates to leave their cells at will and assault other inmates (Doc. 40). Hanks contends LeBlanc is aware that the doors are defective and has failed to repair or replace them, disregarding Hanks' safety (Doc. 40).

Secretary LeBlanc contends he is immune from suit as the Secretary of the Louisiana Department of Public Safety and Corrections, and that there is no vicarious liability under Section 1983.

WCC is a privately operated prison, owned by the State of Louisiana and managed by Corrections Corporation of America. For the purposes of this motion, it is assumed that the Louisiana Department of Corrections is responsible for maintaining and repairing the cell doors in WCC; LeBlanc has not argued otherwise.

1.

The Eleventh Amendment bars suit against a state official when the state is the real substantial party in interest. An official capacity suit against a state officer is not a suit against the official but rather against the official's office. As such it is no different from a suit against the state itself. Neither a state nor its officers acting in their official capacities are "persons" under §1983. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 258, 362 (1991). Also, Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989); Voisin's Oyster House v. Guidry, 799 F.2d 783, 788 (5th Cir. 1986). Therefore, Secretary LeBlanc is entitled

to absolute immunity from this suit in his official capacity.

2.

In his individual capacity, Secretary LeBlanc contends he cannot be held vicariously liable for the acts and omissions of others in his capacity as a supervisor.

The doctrine of respondeat superior, which makes an employer or supervisor liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well settled §1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951, 113 S.Ct. 2443 (1993); Thompkins, 828 F.2d at 303.

Hanks has not alleged or offered any unconstitutional policies implemented by LeBlanc which have deprived Hanks of his constitutional rights.

Hanks contends the doors in the Cypress Unit at WCC are defective because inmates can open them on their own, and that LeBlanc is aware the doors are defective and has failed to replace or repair them (Docs. 40, 46). Hanks contends he wrote a letter to

5

LeBlanc on March 11, 2014, telling him about the defect in the doors (Docs. 40, 46).[1] Hanks alleges that LeBlanc failed to do anything to correct the problem with the doors (Doc. 40). Hanks alleges that, in October 2014, while he was in protective custody in the Cypress Unit, inmate Terrance Todd (an associate of one of Hanks' enemies) was able to open his cell door, exit his cell, and assault Hanks by throwing urine on Hanks (Doc. 46). Therefore, Hanks contends he informed Secretary LeBlanc of the problem with the doors in March 2014, after the initial assault on Hanks by inmate Miller in 2013, but before the second assault by inmate Todd in October 2014.

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Being violently assaulted in prison is simply not a part of the penalty that criminal offenders pay for their offenses against society. Farmer, 114 S.Ct. at 1976-77.

---

[1] Stacie Hanks, Hanks' sister in law, stated in an affidavit (previously separately filed by Hanks) that she called LeBlanc's office, spoke to his secretary and confirmed that LeBlanc had received Hanks' letter (Doc. 42).

For an inmate to succeed on a claim based on a failure to prevent harm, he must show that (1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) the prison official was "deliberately indifferent" to his health or safety. Failing to act with deliberate indifference to a substantial risk of harm is the equivalent of recklessly disregarding that risk. Farmer, 114 S.Ct. at 1978. Deliberate indifference is a subjective test and it must be shown that the official actually knew of the risk of harm to the inmate. It is insufficient to show solely that the official should have known of the risk. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. Farmer, 114 S.Ct. at 1979.

Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence. A fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. It remains open to an official to prove that he was unaware of even an obvious risk to inmate health and safety. Farmer, 114 S.Ct. at 1981-82. Also, Hinojosa v. Johnson, 277 Fed.Appx. 370, 374 (5th Cir. 2008). However, a prison official who actually knew of a substantial risk to inmate health and safety may be found free from

liability if he responded reasonably to the risk, even if the harm ultimately was not averted. <u>Farmer</u>, 114 S.Ct. at 1982-83.

Assuming for purposes of this motion to dismiss that Hanks' general allegations embrace the specific facts needed to support them, Hanks has alleged individual liability on the part of LeBlanc through his factual allegations against LeBlanc. Hanks has alleged that he informed Secretary LeBlanc by letter (which LeBlanc received) of the design defect in the cell doors, that LeBlanc had actual knowledge of the defect but failed to have the doors repaired, and that, as a result of the defect, inmates were able to leave their cells at will, and Hanks was assaulted by an inmate who had left his cell by taking advantage of the defect in the door.

However, Hanks has not stated a claim for compensatory damages against LeBlanc. 42 U.S.C. § 1997(e), Limitation on recovery, states:

> "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."

While undoubtedly unpleasant, Hanks has not alleged that he was physically injured by the urine. The rule in the Fifth Circuit is that, in the absence of proof of actual, compensatory damages, a plaintiff who has been deprived of his constitutional rights may only collect nominal damages. See <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997)(plaintiff's physical injury must be more

8

than de minimis to support a claim for mental or emotional suffering). The Fifth Circuit also adheres to the general rule that a punitive award may stand in the absence of actual damages where there has been a constitutional violation. <u>Louisiana Acorn Fair Housing v. LeBlanc</u>, 211 F.3d 298, 303 (5th Cir. 2000), cert. den., 121 S.Ct. 1225 (U.S. 2001). Since Hanks has not alleged an actual injury from having urine thrown on him, his compensatory-damages claim against LeBlanc should be dismissed pursuant to 42 U.S.C. § 1997(e).

Therefore, it will be recommended that LeBlanc's motion to dismiss (Doc. 57) be granted as to Hanks' claims against LeBlanc in his individual capacity for compensatory damages and denied as to Hanks' claims against LeBlanc in his individual capacity for punitive or nominal damages.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that LeBlanc's motion to dismiss (Doc. 57) be GRANTED IN PART as to Hanks' claims against LeBlanc in his official capacity, GRANTED IN PART as to Hanks' claims against LeBlanc in his individual capacity for compensatory damages, and DENIED IN PART as to Hanks' claims against LeBlanc in his individual capacity for punitive or nominal damages.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of August 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE