UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DAVIN HANKS                          CIVIL ACTION NO. 1:13-CV-02999

VERSUS                                JUDGE TRIMBLE

TIM KEITH, et al.,                   MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Before the Court is a complaint filed pursuant to 42 U.S.C. § 1983, *in forma pauperis*, by pro se plaintiff Davin Hanks ("Hanks") on November 5, 2013 and amended on March 12, 2014 (Doc. 17), February 3, 2015 (Doc. 40) (adding defendants), February 26, 2015 (Doc. 46), March 16, 2015 (Doc. 52), and May 1, 2015 (Doc. 59). The named defendants are Tim Keith (warden of the Winn Correctional Center ("WCC") in Winnfield, Louisiana), Pamela Horne (chief of security at WCC), Corrections Corporation of America ("CCA") (operator of WCC), Jack Garner (president of CCA), James LeBlanc (Secretary of the Louisiana Department of Public Safety and Corrections), and Mona Heyes, Brenda Smiley, Carlo Lakes, and Nicole Walker (all employed at WCC).[1]

Hanks alleges that, while he was confined in WCC, he did legal work for several inmates and accidentally lost their legal papers. Hanks contends those inmates are angry with him and have threatened to harm him (Doc. 1). Hanks contends that, in September 2013, he requested protective custody from those

---

[1] Hanks filed a supplemental complaint against John Doe #1, John Doe #2, and John Doe #3 without leave of court (Doc. 74). Hanks' complaint against the John Does was dismissed for failure to effect timely service (Doc. 85).

inmates and was placed in the Cypress Unit, where defendant Horne was the unit manager. However, some of the inmates Hanks feared were able to enter the Cypress Unit, even though they were not housed there, and threatened and physically assaulted Hanks in the Cypress Unit. Hanks contends Defendants failed to protect him from an assault by Christopher Miller on October 25, 2013 (Docs. 1, 17).

On December 10, 2013, the Chief District Judge ordered Defendants to place Hanks in true protective custody (Doc. 6). Hanks further contends that Defendants failed to protect him from having urine thrown on him by inmate Terrance Todd in October 2014, while Hanks was in protective custody (Docs. 40, 46). Hanks contends he was beaten by Commander Lake and other officers on March 5, 2015, while he was in protective custody (Doc. 52). Hanks contends Defendants failed to protect him from having urine thrown on him by inmate Joshua Deshotel on April 15, 2015, while Hanks was in protective custody (Doc. 59). Hanks contends Defendants failed to protect him from a sexual assault by two inmates on April 23, 2015, while Hanks was in protective custody (Doc. 59). Hanks contends Defendants maliciously allowed him to be attacked while he was in court-ordered "protective custody" (Doc. 80).

Hanks seeks a jury trial, injunctive relief, monetary damages (including punitive), and costs. Hanks is currently confined in the Avoyelles Correctional Center in Cottonport, Louisiana.

Defendants answered the complaints (Docs. 14, 18, 40, 43, 47, 54, 65) and filed a motion for summary judgment (Docs. 24, 30) that was denied (Docs. 32, 33). LeBlanc filed a motion to dismiss (Doc. 57) that was granted in part (Doc. 72).

Defendants then filed a motion for partial summary judgment (Doc. 78) that Hanks opposes (Doc. 80). Defendants' motion for partial summary judgment is now before the Court for disposition.

Law and Analysis

Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that the Court shall grant a summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order.

Local Rule 56.2 also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there

must be evidence on which the jury could reasonably find for the plaintiff. See Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then offer evidence sufficient to establish a genuine issue of material fact. In this analysis, the Court reviews the facts and draws all inferences most favorable to the nonmovant. See Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. See Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).

Compensatory Damages

Defendants contend they are entitled to a summary judgment for the October 25, 2013, October 2014, and April 15, 2015 incidents because Hanks received no injuries or *de minimus* injuries from those incidents. In October 2014 and April 2015, urine was thrown on Hanks by other inmates while Hanks was in protective custody. On October 25, 2013, Hanks received a .25 cm abrasion/scratch on his left cheek when he was assaulted by another inmate while he was in protective custody.[2] Defendants argue that, since Hanks was not significantly injured, he does not have claims for compensatory damages for failure to protect him from those attacks by other inmates.

The basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights. See Carey v. Piphus,

---

[2] Hanks's medical records show he suffered a .25 cm scratch in a fight on October 25, 2013, for which Hanks claims Defendants failed to protect him from the other inmate.

4

435 U.S. 247, 254 (1978) (compensatory damages such as for emotional harm caused by the deprivation of constitutional rights may be awarded only when the claimant submits proof of actual injury); see also Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (plaintiff's physical injury must be more than *de minimis* to support a claim for mental or emotional suffering). For this reason, no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury. See Carey, 435 U.S. at 264.

An actual injury is a constitutional prerequisite to a § 1983 claim. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996). The requirement that an inmate alleging a constitutional violation must show actual injury derives from the doctrine of standing. See Lewis, 518 U.S. at 349; see also, Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). The violation of a constitutional right constitutes an "actual injury." The Fifth Circuit has stated that a violation of constitutional rights is never *de minimis*. See Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). Thus, nominal damages are the appropriate award where constitutional rights have been violated but the plaintiff has not sustained, or proven, actual damages. See Carey, 435 U.S. at 266-67; Oladipupo v. Austin, 104 F.Supp.2d 643, 651 (W.D. La. 2000).

The rule in the Fifth Circuit is that, absent proof of actual, compensatory damages, a plaintiff who has been deprived of his constitutional rights may only collect nominal damages. However, the Fifth Circuit also adheres to the general rule that a punitive award may stand in the absence of actual damages where there has been a constitutional violation. See Louisiana Acorn Fair Housing v. LeBlanc, 211 F.3d 298, 303 (5th Cir. 2000), cert. den., 532 U.S. 904 (U.S. 2001).

5

While undoubtedly unpleasant, Hanks has not alleged that he was physically injured or made ill by the urine, so he is not entitled to compensatory damages on those claims, nor is he entitled to compensatory damages for a .25 cm scratch. See 42 U.S.C. § 1997e(e);[3] Raley v. Fraser, 747 F.2d 287, 289 (5th Cir. 1984). Full development of the facts will reveal whether Hanks's Eighth Amendment right to a healthy, safe environment was violated by the Defendants, and whether Hanks is entitled to nominal or punitive damages on the claims.

Defendants' motion for summary judgment should be granted as to Hanks's claims for compensatory damages for the urine-throwing incidents of October 2014 and April 15, 2015 and for the small scratch he received in the inmate assault in October 2013. However, since Hanks has alleged failure to protect claims for which some form of monetary damages may be awarded, Defendants' motion for summary judgment regarding the incidents of October 2013, October 2014, and April 15, 2015 should be denied as to his claims for nominal and punitive damages.

April 23, 2015 Claim

Defendants also argue that Hanks is not entitled to damages for the April 23, 2015 incident. Hanks contends Defendants failed to protect him from sexual assault with a broom handle by two other inmates while he was in protective custody.

---

[3] 42 U.S.C. § 1997e, Suits by Prisoners:
    (e) Limitation on recovery
    No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

6

Defendants contend that, because there are no medical records to support Hanks's claim of sexual assault, his injuries must have been *de minimis* and his claim should be dismissed.

Suits for sexual assault are excluded from the limitation on recovery set forth in 42 U.S.C. 1997e(e). Therefore, Defendants' motion for summary judgment on the Hanks's failure to protect claim for the April 23, 2015 sexual assault should be denied.

<u>Pamela Horne and Nicole Walker</u>

Defendants contend Hanks's actions against Assistant Chief of Security Pamela Horne and Assistant Warden Nicole Walker should be dismissed because Hanks has only alleged that Horne and Walker "failed to investigate" the incidents in which Hanks was threatened and attacked by other inmates while he was in protective custody.

A failure to investigate may be a fact tending to prove a claim of failure to protect. However, a claim that prison officials failed to investigate a complaint does not, standing alone, give rise to a constitutional claim. See <u>Dehghani v. Vogelgesang</u>, 226 Fed.Appx. 404, 406 (5th Cir. 2007) (citing <u>Geiger v. Jowers</u>, 404 F.3d 371, 373-74 (5th Cir. 2005). Since there are no genuine issues of material fact which preclude a summary judgment, Defendant's motion for summary judgment should be granted in favor of Horne and Walker on Hanks' claims of failure to investigate.

<u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that Defendants's motion for summary judgment (Doc. 78) be GRANTED as to Hanks' claims against Walker and

Horne for failure to investigate, and that Hanks' claims against Walker and Horne for "failure to investigate" be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Defendants's motion for summary judgment (Doc. 78) be GRANTED as to Hanks's claims for compensatory damages for the urine-throwing incidents of October 2014 and April 15, 2015 and for the small scratch he received in the October 2013 inmate assault. Defendants' motion for summary judgment (Doc. 78) should be DENIED as to Hanks's claims for nominal and punitive damages for those incidents.

Defendants's motion for summary judgment (Doc. 78) on Hanks's claim for failure to protect him from sexual assault by other inmates on April 23, 2015 is DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have **fourteen (14)** days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14)** days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame**

8

authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

    THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>7th</u> day of September 2016.

                                             Joseph H.L. Perez-Montes
                                             United States Magistrate Judge